UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────────────X

RAMON M. TORRES,                                             MEMORANDUM
                                                             AND ORDER
            Plaintiff,
                                                             07-CV-1390 (NGG) (LB)
      -against-

UNITED STATES OF AMERICA, JFK
AUTHORITIES (INS/ICE/DHS), USA
ATTORNEY'S OFFICE FOR THE
EASTERN DISTRICT OF NEW YORK
(BROOKYLN), and JOEY LIPTON,

            Defendants.
────────────────────────────────────────X

NICHOLAS G. GARAUFIS, United States District Judge.

    *Pro se* Plaintiff Ramon Maria Torres ("Plaintiff") brings this action against Defendants for various common law and constitutional torts allegedly committed in connection with his deportation from the United States on November 1, 2002, his subsequent arrest and prosecution for illegal re-entry into the United States, and his second deportation from the United States on September 9, 2006. (See Complaint (Docket Entry # 1).)

    Defendants have moved to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint for Lack of Jurisdiction ("Reply") (Docket Entry # 21).) For the following reasons, Plaintiff is GRANTED sixty days leave to submit proof of actual receipt of his notices of claim by the federal agencies to which they were purportedly mailed, so as to establish that this court

1

has subject-matter jurisdiction over his common law tort claims under the Federal Tort Claims Act ("FTCA"). Additionally, Defendants' motion for dismissal of Plaintiff's constitutional tort claims is GRANTED and Plaintiff's challenges to his deportations from the United States are DENIED.

I.  FACTUAL BACKGROUND

The facts, as set forth in Plaintiff's Complaint and in materials of which this court may take judicial notice, (see Complaint; April 5, 2005 Memorandum & Order, United States v. Torres, (02-cr-1391(NGG) Docket Entry # 61)), are as follows:

Plaintiff, a citizen of the Dominican Republic, became a permanent resident of the United States in 1981. On November 1, 2002, Plaintiff was deported to the Dominican Republic pursuant to a 1989 deportation order entered following a conviction for alien smuggling. Plaintiff alleges that at the time of his deportation, a motion to re-open the deportation order was pending, and a hearing was scheduled before the Immigration Court on November 25, 2002.

On November 23, 2002, Plaintiff was arrested for attempting to re-enter the United States. On December 4, 2002, a grand jury returned an indictment charging Plaintiff with attempting to re-enter the United States after having been convicted of an aggravated felony. On April 5, 2005, following a violation of the Speedy Trial Act, this court dismissed the indictment with prejudice. On September 9, 2006, Plaintiff, who had been in custody since November 23, 2003, was again deported. Plaintiff alleges that Defendants knew that judicial proceedings relating to his deportation were underway when they deported him.

Plaintiff alleges that upon his return to the Dominican Republic the Dominican police tortured him pursuant to an order of the United States government. Plaintiff further alleges that

2

on October 17, 2006 he filed a request in the U.S. Embassy in the Dominican Republic to regain his status as a permanent resident of the United States but that his request was ignored.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *pro se*, the court must liberally construe his pleadings, and must interpret them "to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). "The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

## III. PLAINTIFF'S CLAIMS

Construed liberally, Plaintiff's Complaint purports to state a litany of claims against Defendants based on various common law torts — false arrest, malicious prosecution, excessive force, negligent medical treatment, and infliction of emotional distress — and violations of Plaintiff's constitutional rights. Plaintiff also claims that Defendants acted unlawfully in deporting him, and therefore Plaintiff's complaint can be construed as an attempt to attack the validity of his deportations.

### A. Plaintiff's Common Law Tort Claims

#### 1. Administrative Exhaustion

In Defendants' initial memorandum of law, they urged the court to dismiss Plaintiff's common law tort claims because he did not comply with the administrative exhaustion requirements of the FTCA. (Memorandum of Law in Support of Defendants' Motion to Dismiss

3

the Complaint for Lack of Jurisdiction ("Def. Mem.") (Docket Entry # 19).) The FTCA, which is the exclusive remedy for bringing claims arising out of common law torts committed by employees of the United States, see United States v. Smith, 499 U.S. 160, 166 (1991), provides that:

> An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Defendants claim that they have never received any such notice of claim from Plaintiff and have submitted declarations from officials at the Bureau of Prisons and at Immigrations and Customs Enforcement stating that there is no record that Plaintiff ever filed such a notice of claim. (See Def. Mem. Exhs. 2 & 3; Reply Exhs. 4 & 5.)

Plaintiff, however, has submitted copies of forms that he claims he submitted to the Department of Homeland Security and to the Immigration Health Services. (See Answer in Opposing the Memorandum of Law by the Defendant's Attorneys Office ("Pl. Mem.") (Docket Entry # 17) Exh. at 1-4.)

In their reply memorandum of law, Defendants state that this proof is insufficient as a matter of law to show that Plaintiff administratively exhausted his claims pursuant to the FTCA because Plaintiff has not proven that his notices of claim were ever submitted to or received by any federal agency. (Reply at 4-5.) However, Defendants state that "at least when one gives him the benefit of the doubt normally afforded a *pro se* plaintiff, Torres has raised an issue of fact with regard to FTCA exhausation that arguably makes it
4

inappropriate for the Court to decide the FTCA exhaustion issue on a Rule 12(b)(1) motion alone." (Id. at 5.) Defendants therefore urge the court to assume *arguendo* that Plaintiff has administratively exhausted his claims and to proceed to dismiss Plaintiff's claims on the merits. (Id.)

The court does not believe that the Defendants' suggested approach is appropriate. As Defendants themselves argue, this court lacks subject-matter jurisdiction to hear claims that are not administratively exhausted. (Def. Mem. at 11); see also Keene Corp. v. United States, 700 F.2d 836, 841 (1983) ("The requirement that a notice of claim be filed is jurisdictional and cannot be waived.") As a general rule, the court should consider whether it possesses subject matter jurisdiction over a claim before it considers other defenses because "if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." See United States ex rel. Kreindler & Kreindler v. United Technologies Corp., 985 F.2d 1148 (2d Cir. 1993) (citations omitted). Exceptions to this general rule exist where the plaintiff's claim "has no plausible foundation" or "is clearly foreclosed by a prior Supreme Court decision." See Jones v. State of Ga., 725 F.2d 622, 623 (11th Cir.). Here, Plaintiff's Complaint is inartfully drafted, and so it is difficult to determine whether or not it has a plausible foundation. For example, once amended, it is possible that Plaintiff's claim relating to denial of medical care, if it arose out of events at the Metropolitan Detention Center in Brooklyn, New York, might have a plausible foundation. Therefore, because it is not clear that all of Plaintiff's claims lack a plausible foundation, the court will consider Defendants' Fed. R. Civ. P. 12(b)(1) motion to

dismiss before considering their motion under Fed. R. Civ. P. 12(b)(6).

The majority view among district courts in this circuit is that to comply with 28 U.S.C. § 2675(a), actual proof of receipt by a federal agency, not just proof of mailing, is required. Vecchio v. United States, No. 05 Civ. 393 (PAC), 2005 WL 2978699, *5 (S.D.N.Y. Nov. 3, 2005). In light of the Supreme Court's repeated warnings that the jurisdictional requirements of the FTCA are to be "strictly construed and applied in favor of the Government," see Pinchasow v. United States, 408 F. Supp. 2d 138, 142-43 (E.D.N.Y. 2006) (adopting holding and reasoning of Vecchio), this court agrees that actual proof of receipt is required. As the presentment requirements of the FTCA apply with equal force to *pro se* litigants, see Garland-Sash v. Lewis, No. 05 Civ. 6827 (WHP), 2007 WL 935013, *5 (S.D.N.Y. Mar. 26, 2007) (requiring *pro se* plaintiff to provide proof of receipt of notice of claim), Plaintiff must provide the court with proof that his notices of claim were actually received by a federal agency in order to avoid dismissal of his common law tort claims for lack of subject-matter jurisdiction. Plaintiff is GRANTED sixty days leave to submit proof of actual receipt of his notices of claim by the federal agencies to which they were purportedly mailed. Such proof might include a file-stamped copy of his claim, a certified mail receipt, or an agency response to his claim. Defendants' motion for dismissal of Plaintiff's common law tort claims will be considered once Plaintiff has had an opportunity to submit such proof.

**B.     Plaintiff's Constitutional Tort Claims**

Plaintiff alleges that Defendants violated his constitutional rights, including his rights under the First, Fourth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments.

Public officials may be held responsible for violations of constitutional rights "only to the extent that they caused the plaintiff's rights to be violated." Leonhard v. United States, 633 F.2d 599, 621 n.30 (2d Cir. 1980). A complaint must allege personal participation in constitutional violations of the plaintiff's rights. Id. Plaintiff's claims against Assistant United States Attorney Joseph Lipton must therefore be dismissed because the Complaint does not describe how AUSA Lipton was personally involved in any violation of Plaintiff's rights. In fact, Plaintiff appears to concede that AUSA Lipton did not personally violate his rights — he says in his memorandum in response to Defendants' motion to dismiss that "[w]e are not suit to Mr. Lipton, but we have to mentioned him in the complaint because he was the prosecutor in that case, the base on this action is clearly." (Pl. Mem. at 7.)

The other Defendants in this action, the United States of America and the various federal agencies Plaintiff has sued, are immune from suit with respect to these constitutionally-based claims because the United States has not waived sovereign immunity with respect to constitutional tort claims against it or its agencies. Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994) ("The district court correctly held . . . that the United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts.")

Defendants' motion for dismissal of Plaintiff's constitutional tort claims is therefore GRANTED.

### C. Plaintiff's Attack on the Validity of his Deportations

Torres appears to be challenging various actions of United States immigration

authorities taken in connection with his two deportations from the United States. Because this court lacks jurisdiction to consider any challenge to the validity of these deportations, this claim must also be dismissed. See 5 U.S.C. 1252; Torres v. Wagner, 198 Fed. Appx. 173, 173 (3d Cir. 2006) (decision of the Third Circuit in a case brought by plaintiff that "pursuant to 8 U.S.C. § 1252(a)(5), the District Court was without jurisdiction to consider any challenge to Plaintiff's removal order").

## IV. CONCLUSION

Plaintiff is GRANTED sixty days leave to submit proof of actual receipt of his notices of claim by the federal agencies to which they were purportedly mailed. Defendants' motion for dismissal of Plaintiff's constitutional tort claims is GRANTED, and Plaintiff's challenges to his deportations from the United States are DENIED.

The only remaining claims in this action are brought pursuant to the FTCA. Because a FTCA action may only be pursued against the United States, see 28 U.S.C. § 2679(a); C.P. Chemical Co. v. United States, 810 F.2d 34, 37 n.1 (2d Cir. 1987), all of Plaintiff's claims against Defendants other than the United States are DISMISSED. The clerk is directed to change the caption of this action to Ramon M. Torres v. United States of America.

SO ORDERED.

Dated: May 19, 2008                   /s Nicholas G. Garaufis  
    Brooklyn, N.Y.                    NICHOLAS G. GARAUFIS  
                                    United States District Judge