```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
    RAMON M. TORRES,                                                    MEMORANDUM & ORDER

                                    Plaintiff,                          07-CV-1390

            -against-


    UNITED STATES OF AMERICA,


                                    Defendant.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.
```

Plaintiff pro se Ramon Maria Torres ("Plaintiff") filed this action on April 4, 2007, asserting various constitutional and common-law tort claims against various Defendants arising from his deportation from the United States on November 1, 2002, his subsequent arrest and prosecution for illegal re-entry, and his second deportation on September 9, 2005.  By Memorandum and Order filed May 20, 2008, this court dismissed Plaintiff's constitutional tort claims, his challenges to the validity of his deportations, as well as his claims against all Defendants other than the United States of America.  (Docket Entry # 27.)  The court also ordered Plaintiff to provide evidence that he had presented claims to the appropriate federal agencies, thus administratively exhausting his claim as required under the Federal Tort Claims Act ("FTCA").  See 28 U.S.C. § 2675(a).

On July 10, 2008, Plaintiff provided the court with copies of certified mail receipts that appear to show that his notices of claim were in fact received by federal agencies (Docket Entry # 28.)  The court now directs Plaintiff to provide the court with additional evidence sufficient to show that the claims in his Complaint were adequately presented in these notices of claim, so as to show that this court has subject-matter jurisdiction over this action.

I.     PLAINTIFF'S CLAIMS

Although the complaint is far from a model of clarity, Plaintiff appears to be asserting the following common-law claims, which survive the court's May 20, 2008 Memorandum and Order: (1) after he was deported to the Dominican Republic on September 9, 2005, Plaintiff was tortured by police in the Dominican Republic on orders of the United States government (Compl. 3); (2) he was harmed when Dominican authorities were wrongfully informed by the United States Government that he had been arrested on drug charges, such that he is now falsely considered in the Dominican Republic to have a criminal record (id.); (3) on or about March 27, 2003, he was deprived of medical assistance at the Metropolitan Detention Center when he complained of chest pain (id. at 12); and (4) on May 5, 2005, United States Marshals used excessive force against him (id.).

I.     DISCUSSION

The FTCA provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . unless the claimant shall have first presented the claim to the appropriate federal agency." 28 U.S.C. § 2675(a). In the Second Circuit,

> A Notice of Claim filed pursuant to the FTCA must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth. A claim must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims. . . A claimant must provide more than conclusory statements which afford the agency involved no reasonable opportunity to investigate.

Romulus v. United States, 160 F.3d 131, 132 (2d Cir. 1998) (per curiam) (internal citations omitted).

In Romulus, a claim for damages arising out an auto accident was found not be properly presented when the claimants failed to provide requested medical reports and wage loss statements which would have facilitated the government's efforts to investigate the claim.

Here, Plaintiff apparently filed two SF-95 forms with agencies of the federal government. In the first, dated August 24, 2006 and mailed to an attorney at the Department of Homeland Security, Plaintiff complained:

> I has been suferred several damages at diferene state and Federal Correctionalities and facilities, where all them dienied me Medical, Court assecce, Discriminations, Brutaly of polices and officers abuse of power, my life was in risk, I lost all my Family, Business I suffered an irreparable harm while the INS, ICE or DHS, kept me false imprisonment, the malicious intent deprived me of my constitutional rights, my health condition was deteriorated, the undo pain, and hardship it is a significant relevant of prejudice, in which I stil without resolution all my requests its was ignored, all administrative remedy was filed . . . see attached on exhibit.

(Docket Entry # 17 Exhibit 1) (spelling and grammar mistakes in original). In the second, dated December 7, 2005 and mailed to Immigration Health Services, Plaintiff complained:

> This service keep me in custody in violation of due process law, because the all procceding was erroneous as a matter of law, the INS/ICE/DHS, deported me on Nov. 1, 2002, without given me an opportunity to be present at the immigration hearing on Nov. 25, 2002, in NYC. I had a stay of removal I-246 since that violation occurred my detention is illegally as a matter of law, I qualify to remaining in the United States Under the waiver 212(c) see 533 U.S. 326 INS v. St. Cyr because my case was prior to AEDPA and IIRIRA. My detention condition it is illegal and unconstitutional in violation of due process law.

(Docket Entry # 17 Ex. 1) (spelling and grammar mistakes in original).

It appears that only Plaintiff's claims numbered 3 and 4 above – his excessive force and denial of medical care claims – could even possibly have been properly presented, in the notice of claim mailed to the Department of Homeland Security on August 24, 2006, depending on the content of the exhibits referenced in Plaintiff's notice of claim, which it is not clear have been provided to the court. However, because a notice of claim must be filed within two years of the

incident complained of, see 28 U.S.C. § 2401(b), Plaintiff's claim relating to the March 27, 2003 incident in which he was deprived of medical assistance appears to be time-barred. Therefore, only Plaintiff's claim relating to the use of excessive force by United States Marshals on May 5, 2005 might have been administratively exhausted and therefore preserved. Even this claim, without knowing what exhibits were attached to Plaintiff's August 24, 2006, does not appear to have been fairly presented.

Before dismissing Plaintiff's claim for lack of subject matter jurisdiction, however, the court gives Plaintiff an opportunity to present further competent evidence that he fairly presented his common-law tort claims within the meaning of the FTCA, by providing "enough information to permit the agency to conduct an investigation and to estimate the claim's worth." See Romulus, 160 F.3d at 132; Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, (2d Cir. 1986) (district court should provide parties with an opportunity to present evidence relevant to the disposition of a 12(b)(1) motion and with discovery, when required materials are within the control of the opposing party). Any such evidence must be submitted within forty-five (45) days of the date of this Memorandum and Order. If Plaintiff fails to submit sufficient evidence, this action will be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]

SO ORDERED.

Dated: Brooklyn, New York  
November 17, 2008

/s Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge

---

[1] Plaintiff may also prove that he submitted notices of claim for his claims relating to harms he suffered in the Dominican Republic.